IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SHAWN GREEN, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | *     Civil No. 26-1442-BAH |
| TREVOR A. KIESSLING, JR.,[1] | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Shawn Green ("Green") filed the above-captioned complaint, ECF 1, pro se together with a motion for leave to proceed in forma pauperis, ECF 2. The Clerk's Office issued a deficiency notice directing Green to correctly complete the motion for leave to proceed in forma pauperis. ECF 4. Because the Court has reviewed the complaint, finds that it does not state a cognizable claim for relief and will dismiss it accordingly, the Court will grant the motion for leave to proceed in forma pauperis and will not require Green to correct the deficiency.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint

---

[1] The complaint contains various spellings of Kiessling's name. *See* ECF 1, at 1 ("trevor a keisxsling"), at 2 "trevot keissling"), at 4 ("Trevor a Keissling junior"), *id.* ("Mr Kiessling"), *id.* ("Mr Kiesling"), *id.* ("Mr Keesling"). As noted below, the Court takes judicial notice that the correct spelling of the defendant's name appears to be Trevor A. Kiessling, Jr.

filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Green's complaint fails to state a cognizable claim for relief and will be dismissed.

First, the allegations in the complaint are difficult to decipher. *See, e.g.*, ECF 1, 4 ("Mr Kiessling has harassed Harassed threatened Stopped myself violating my due process by changing my mailing address Mold times to where I wouldn't get pleadings without Knowledge and consent[.]" (sic)); *id.* at 5 ("On November 13th 2025 that Mr Keesling handed the checks that he was supposed to Withhold in escrow and has been using a quick claim deed as leverage to get the defendant To do what he wants him to do knowingly and only making false statements to the judge[.]" (sic)); *id.* ("In efforts to destroy and calls emotional and physical harm towards the main defendant Has lied to local law enforce and courts to have shawn Green Undergo an emergency Mental heath evaluation a year and a half prior due to the extreme emotional distress shawn green Lost two fingers[.]" (sic)).

The Court takes judicial notice of C-02-FM-24-001227, a divorce proceeding pending against Green in the Circuit Court of Maryland for Anne Arundel County, where Trevor A. Kiessling, Jr., is opposing counsel. *See* Case No. C-02-FM-24-001227 (Cir. Ct. for Anne Arundel Cnty. filed Apr. 3, 2024) Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis; *see* Fed. R. Evid. 201; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (noting that a "district court may clearly take judicial notice of [state court] public records").

From the best the Court can tell, Green intends to bring a due process claim against Kiessling related to that case and tangentially related proceedings involving Green's ex-spouse. *See* ECF 1, at 1 (identifying the legal basis for the claim as "due prosses Assisting in Identity theft And mortgage fraud" (sic)). "In order to prevail on a due process claim, a plaintiff must first demonstrate that he was deprived of a protected interest by some form of state action." *Farnsworth v. Northam*, No. 7:21-CV-00463, 2024 WL 989491, at *6 (W.D. Va. Mar. 5, 2024) (citing *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)), *aff'd,* No. 24-6273, 2025 WL 3034702 (4th Cir. Oct. 30, 2025). "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (additional internal quotation marks and citation omitted) (quoting *Mentavlos v. Anderson,* 249 F.3d 301, 301 (4th Cir. 2001)). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani,* 191 F.3d 499, 507 (4th Cir. 1999)). The Fourth Circuit has summarized the necessary inquiry as testing whether there is "a sufficiently 'close nexus'" between a private actor and the state such that the actions of the former "may be fairly treated" as those of the latter. *Mentavlos*, 249 F.3d at 314 (internal citations omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Representing an ex-spouse in divorce proceedings is not sufficient to make Kiessling a state actor. *See Shelton v. Crookshank*, No. 3:17-CV-108, 2017 WL 9565841, at *11 (N.D. W. Va. Nov. 17, 2017) (dismissing with prejudice § 1983 claims brought against plaintiff's former husband's divorce attorney because that attorney could not be said to be a state actor), *report and*

3

*recommendation adopted,* No. 3:17-CV-108, 2018 WL 527423 (N.D. W. Va. Jan. 24, 2018), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018); *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir. 1979) (discussing general rule that the fact that a private party using the state courts to secure relief does not generally create state action); *Patel v. Heidelberger*, 6 F. App'x 436, 438 (7th Cir. 2001) ("[A] divorce lawyer's efforts on behalf of his client cannot under any foreseeable set of circumstances be considered state action."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (affirming that plaintiff's ex-wife's attorneys in divorce proceeding were not "state actors against whom an allegation of deprivation of constitutional rights under color of law could be properly lodged"), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006)); *Aikens v. Mecklenburg Cnty.*, No. 3:19-CV-389-FDW, 2019 WL 4458872, at *3 (W.D.N.C. Sept. 17, 2019) (finding that plaintiff had not alleged facts to demonstrate that his ex-wife's lawyer in divorce proceedings was a state actor).

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990). Even reading the complaint liberally, Green does not state a viable claim against Kiessling. As it appears Green's claims against Kiessling are brought only in connection with his representation of Green's ex-spouse, those claims will be dismissed with prejudice. *See Shelton*, 742 F. App'x at 783 (modifying dismissal of claims against ex-spouse's lawyer to be with prejudice because the claims "were meritless").

Accordingly, it is this 17th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

4

1. Green's motion to proceed in forma pauperis, ECF 2, is REINSTATED and GRANTED;

2. Green's complaint is DISMISSED WITH PREJUDICE as described herein;

3. The Clerk is directed to CLOSE this case and MAIL a copy of this Order to Green.

_____/s/_____
Brendan A. Hurson
United States District Judge
